IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| BRIAN GREER, | Cause No.  CV-08-106-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS FOR LACK OF VENUE** |
| SAFEWAY, INC., et. al. | |
| Defendants. | |

_____

Now pending are Plaintiff's Motion to Proceed In Forma Pauperis (Court's Doc. No. 1), Plaintiff's proposed Complaint (Court's Doc. No. 2), Plaintiff's Motion for Order Directing Defendants to make Immediate Verified Answers (Court's Doc. No. 3), Plaintiff's Motion for Order shifting the burden of proof to Defendants (Court's Doc. No. 4), Plaintiff's Motion for Injunctive Relief (Court's Doc. No. 5), and Plaintiff's Motion for Summary Judgment (Court's Doc. No. 6).

Plaintiff is a resident of the State of California.  He has named the following California Defendants:  the State of California, State-attorney John Devine, John Doe–Clerk of the Workers Compensation Appeals Board (WCAB), WCAB attorney James Robbins, John Doe State of California employees, Safeway Inc., Safeway-CEO Steve Burd, Safeway attorney Richard Lyding, attorney Stephen Robinson, and attorney Richard Falcone.  Plaintiff has also named John Doe Background Check Companies as Defendants.  Plaintiff states that the names and addresses of these companies are unknown to Plaintiff but they are residing within all fifty states.  Finally, Plaintiff names as Defendants state and federal Government Employee Unions (the names and addresses of which are unknown to Plaintiff).

Plaintiff has presented a 60-page, 7-count Complaint which appears primarily to challenge prior rulings against him and/or ongoing civil actions in the State of California.  At one point in his Complaint he asks the Court to transfer his case from the State of California Superior Court in Napa, California.  (Court's Doc. No. 2, p. 5).

Plaintiff's claims appear to arise from an employment dispute with Safeway.  According to his Complaint, Mr. Greer filed a Workers Compensation claim in 2002 which was settled in 2003.  Plaintiff alleges that Safeway did not immediately re-employ him, retaliated against him, and apparently terminated him in violation of the 2003 settlement agreement.

Plaintiff contends that the State of California breached its obligation for confidentiality and its obligation to regulate Background Check Companies to prevent

the distribution of employment and medical information.  He further alleges that Safeway distributes his confidential medical history through unregulated Background Check Companies in retaliation and with malicious intent to restrain Plaintiff from all employment/trade in the fifty states.

Plaintiff also appears to complain about proceedings before the California Workers Compensation Board.

Defendants have not filed a responsive pleading in this matter.  Where defendants have not yet filed a responsive pleading and the time for doing so has not run, venue may be raised by a court sua sponte.  Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff presents this matter as both a diversity action and a federal question matter.  As such, venue would be defined by 28 U.S.C. § 1391(b) as follows:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); Costlow, 790 F.2d at 1488.

Plaintiff claims arise out of events which allegedly took place in California and the only identified defendants are alleged to reside in California.  Plaintiff's claims therefore arose in California rather than in Montana.  Costlow, 790 F.2d at 1488.  Thus, if Plaintiff

wishes to proceed with this civil action, he should file it in the federal district court in California where his allegations arose, subject to that district's procedures governing in forma pauperis applications.

28 U.S.C. §1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The Court finds that given the ongoing state court litigation dismissal is appropriate in this situation.  A determination of improper venue does not go to the merits of the case, and, therefore, the dismissal of this case should be without prejudice. In re Hall, 939 F.2d 802, 804 (9th Cir. 1991).

Accordingly, the Court issues the following:

### RECOMMENDATION

1. Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of venue.

2. All pending motions should be denied as moot.

3. The Clerk of Court should be directed to enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  This district is not a proper venue for this matter.  Accordingly, no reasonable person could suppose that an

appeal of this decision would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 6th day of October, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge