IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| BRIAN GREER, | ) | CV-08-106-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| SAFEWAY, INC.; et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On October 6, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends that Plaintiff's Complaint be dismissed without prejudice.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiff filed an objection on October 10, 2008. Plaintiff's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Plaintiff's objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Plaintiff presents this matter as both a diversity action and a federal question matter. As such, venue would be defined by 28 U.S.C. § 1391(b) as follows:

1

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *Costlow v Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiff claims arise out of events which allegedly took place in California and the only identified defendants are alleged to reside in California. Plaintiff's claims therefore arose in California rather than in Montana. *Costlow*, 790 F.2d at 1488. Thus, if Plaintiff wishes to proceed with this civil action, he should file it in the federal district court in California where his allegations arose, subject to that district's procedures governing in forma pauperis applications.

Title 28 U.S.C. §1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court finds that given the ongoing state court litigation dismissal is appropriate in this situation. A determination of improper venue does not go to the merits of the case, and, therefore, the dismissal of this case should be without prejudice. *In re Hall*, 939 F.2d 802, 804 (9th Cir. 1991).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. All pending motions are DENIED AS MOOT.

The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. This district is not a proper venue for this matter.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this 15 day of October, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE